UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
LABORERS PENSION TRUST FUND -
DETROIT & VICINITY; LABORERS
VACATION & HOLIDAY TRUST
FUND - DETROIT & VICINITY;
LABORERS METROPOLITAN DETROIT
HEALTH & WELFARE FUND; and the
MICHIGAN LABORERS TRAINING
FUND, trust funds established under, and
administered pursuant to, federal law,

    Plaintiffs,

v.                                                                                           Case No.
                                                                                             Hon.
CONTINENTAL INDUSTRIAL
SERVICES & SUPPLY, INC.,

    Defendant.
_____/

## **COMPLAINT**

PLAINTIFFS allege the following:

1.    Plaintiffs are the Trustees for trust funds established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §186, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1001, *et seq.*, with

1

principal offices located in this judicial district.

2. Defendant is a Michigan corporation, doing business in the building construction industry, an industry affecting commerce within the meaning of LMRA, with principal place of business located in this judicial district.

3. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 U.S.C. §185, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), 1132(g)(2) and 1145, respectively, this being a suit for breach of the wage and fringe benefit provisions of collective bargaining agreements which the defendant, as employer, entered into with Local Unions 334, 1076 and/or 1191 of the Laborers International Union of North America, AFL-CIO (hereinafter collectively the "Laborers Union"), labor organizations representing employees in a industry affecting commerce, with principal offices located in this judicial district.

4. Pursuant to the aforementioned collective bargaining agreements, copies of which are in its possession, the defendant was and is obligated to pay specific wage rates and make contributions for fringe benefits (e.g., medical coverage for eligible participant employees and their families, pensions, vacation and holiday pay, and annuity benefits) for, or with respect to work performed by, those of their employees who are or have been represented by the Laborers Union, which contributions should have been paid directly to plaintiffs.

5. Pursuant to ERISA Section 209(a), 29 U.S.C. §1059(a), and the collective bargaining agreements and trust agreements incorporated by reference therein, defendant is obligated to maintain records sufficient to determine the benefits due or which may become due to its employees represented by the Laborers Union via contributions to plaintiffs, and to submit to periodic audits by plaintiffs of its books and records to confirm the accuracy and timeliness of such employee wages and contributions to plaintiffs.

6. An audit of defendant for the period of January, 2015 through March, 2018, revealed delinquencies in fund contributions in the amount of $2,304.96, plus liquidated damages from the audit of $226.80, for a total outstanding debt owed to the Funds of $2,531.76. A copy of the audit letter, dated June 21, 2018, is attached.

7. Despite demand, defendant has failed and refused to pay the remaining indebtedness.

8. Defendant's indebtedness to plaintiffs for fringe benefit contributions (including contractual late payment charges or liquidated damages) for the period from April, 2018 through present is unknown and cannot be determined until defendant submits all necessary books and records for inspection and audit.

WHEREFORE, plaintiffs request that this Court enter judgment in their favor and against defendant as follows:

A. Adjudicating that defendant is contractually obligated to the plaintiffs pursuant to the collective bargaining agreements it entered into with the Laborers Union;

B. Ordering defendant to specifically perform according to the provisions of such collective bargaining agreements;

C. Entering Judgment against defendant in favor of the plaintiff in the amount of $2,531.76, representing all amounts remaining owed pursuant to audit for the period through March, 2018, plus liquidated damages, statutory interest, costs and attorneys' fees;

D. Upon request, ordering defendant to submit to the plaintiffs any and all books and records needed by them to determine the amount of its indebtedness from April, 2018; and

E. Upon submission of a motion to amend, awarding the plaintiffs the amount of defendant's indebtedness for the period from March, 2018, as ascertained by the above audit, plus liquidated damages, statutory interest, costs and attorney fees.

        Respectfully submitted,

        SACHS WALDMAN

    By: <u>s/George H. Kruszewski</u>
       GEORGE H. KRUSZEWSKI (P-25857)
       Attorneys for Plaintiffs
       1423 E. 12 Mile Road
       Madison Heights, MI 48170
       248-658-0800

September 26, 2018   Email: <u>Gkruszewski@sachswaldman.com</u>

# STEFANSKY, HOLLOWAY & NICHOLS, INC.
## PAYROLL AUDITING SERVICES

22260 HAGGERTY ROAD, SUITE 350  
NORTHVILLE, MICHIGAN 48167

(248) 305-9905  
FAX: (248) 305-9901

June 21, 2018

Continental Industrial Services & Supply  
2711 E. Jefferson Ave.  
Detroit, MI 48207

Dear Sir/Madam:

This is to inform you of the results of the recent audit to confirm your contributions to the Laborers' Metropolitan Detroit Fringe Benefit Funds. Based on the records provided, our examination has revealed that the following amounts are still owing the aforementioned Funds.

|  | Health Care | Vacation | Pension | Training | L.E.C.E.T. | I.A.P. | Total |
|---|---|---|---|---|---|---|---|
| 1/15 - 3/18 | $705.60 | $392.00 | $1,120.00 | $50.40 | $17.92 | $19.04 | $2,304.96 |

|  |  |
|---|---|
| Liquidated damages resulting from this audit | $ 226.80 |
| Liquidated damages resulting from late payments | $ - |
|  | $2,531.76 |

A man-by-man breakdown covering the contributions due and owing the Funds is enclosed.

Liquidated damages resulting from this audit of $226.80 will be waived if this audit is paid within fifteen (15) days of the billing date.

Should you have any questions, or disagree with the above findings, please contact the writer at (248) 305-9905 to arrange for a review. If we do not hear from you within seven (7) days from the date of this letter, the audit results as shown will become final and the matter will be referred to Mr. Michael J. Brown, Collection Administrator. Please make your check payable to the "Laborers' Fringe Benefit Funds", and mail to the above address c/o Mr. Michael J. Brown (248-305-9118). DO NOT MAIL THIS PAYMENT TO THE BANK.

Very truly yours,

R. F. Reeves  
Fund Auditor

enclosure

xc: Mr. Michael J. Brown  
    Mr. B. Bass    (Local #1076) w/o Enclosures  
    Mr. M. Aaron    (Local #1191) w/o Enclosures

PREPARED BY: RFR
DATE 06/21/18

DISCREPANCY INFORMATION
LABORERS

| Continental Industrial Services & Supply | PERIOD 1/15 - 3/18 | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| EMPLOYEE | SOC.SECURITY | HRS.WKD | HRS PD | HRS.WKD | HRS PD | HRS.WKD | HRS PD | |
| | | Dec. 2017 | | Feb. 2018 | | March 2018 | | |
| Bressler, Robert | XXX-XX-2879 | 32.00 | 32.00 | 64.00 | 64.00 | 16.00 | 16.00 | THIS AUDIT NOW INCLUDES THE ENTIRE 1ST QUARTER THROUGH MARCH |
| | - | | | | | | | |
| TOTAL | | 32.00 | 32.00 | 64.00 | 64.00 | 16.00 | 16.00 | |

| FUND | Rate | Amt. Due | Rate | Amt. Due | Rate | Amt. Due | TOTAL |
|---|---|---|---|---|---|---|---|
| HEALTH CARE | $6.30 | $201.60 | $6.30 | $403.20 | $6.30 | $100.80 | $705.60 |
| VACATION | $3.50 | $112.00 | $3.50 | $224.00 | $3.50 | $56.00 | $392.00 |
| PENSION | $10.00 | $320.00 | $10.00 | $640.00 | $10.00 | $160.00 | $1,120.00 |
| TRAINING | $0.45 | $14.40 | $0.45 | $28.80 | $0.45 | $7.20 | $50.40 |
| L.E.C.E.T. | $0.16 | $5.12 | $0.16 | $10.24 | $0.16 | $2.56 | $17.92 |
| I.A.P. | $0.17 | $5.44 | $0.17 | $10.88 | $0.17 | $2.72 | $19.04 |
| TOTAL | | $658.56 | | $1,317.12 | | $329.28 | $2,304.96 |